IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JANET LEGGITT, | ) |
| | ) |
|        **Plaintiff,** | ) |
| | ) |
| vs. | )   CIVIL NO. 10-245-GPM |
| | ) |
| WAL-MART STORES, INC., | ) |
| | ) |
|        **Defendant.** | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This case, which comes to the Court via removal from state court, is before the Court sua sponte on the issue of federal subject matter jurisdiction. *See Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction"); *Asperger v. Shop Vac Corp.*, 524 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) (quoting *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002)) (reviewing sua sponte the allegations of federal subject matter jurisdiction contained in a notice of removal because "[j]urisdiction is the . . . power to declare law, . . . and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must.") (citation omitted). Plaintiff Janet Leggitt brings this action for negligence against Defendant Wal-Mart Stores, Inc. ("Wal-Mart"), in connection with an accident that occurred on or about May 24, 2008, in which Leggitt suffered personal injuries while on the premises of a retail store operated by Wal-Mart in Robinson, Illinois. This case was filed originally in the Circuit Court of the Second Judicial Circuit, Crawford County, Illinois, on March 3, 2010, and

was removed to this Court by Wal-Mart on April 2, 2010; federal subject matter jurisdiction is asserted on the basis of diversity of citizenship. The Court's review of Wal-Mart's notice of removal discloses a flaw in Wal-Mart's pleading of jurisdictional facts.

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). In general, federal courts have original subject matter jurisdiction in diversity in cases in which there is complete diversity of citizenship among the parties to an action and in which an amount in excess of $75,000, exclusive of interest and costs, is in controversy. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008); *Glisson v. Matrixx Initiatives, Inc.*, Civil No. 10-76-GPM, 2010 WL 685894, at *1 (S.D. Ill. Feb. 22, 2010). Complete diversity of citizenship means, of course, that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entm't Co.*, 106 F.3d 215, 217 (7th Cir. 1997). *See also Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir. 1993) ("Under the rule of complete diversity, if there are residents of the same state on both sides of a lawsuit, the suit cannot be maintained under the diversity jurisdiction even when there is also a nonresident party."). In the context of removal, it is the defendant, as the proponent of federal subject matter jurisdiction, who has the burden of proof as to the existence of such jurisdiction. *See Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008); *In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997); *Thompson v. Cottrell, Inc.*, Civil No. 10-124-GPM, 2010 WL 850183, at *1 (S.D. Ill. Mar. 8, 2010).

In this instance, Wal-Mart has alleged properly that it is a corporation incorporated under Delaware law with its principal place of business in Arkansas, so that it is a citizen of Delaware and Arkansas for purposes of federal diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1); *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 250 (7th Cir. 1981); *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006). *See also Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192-95 (2010) (holding that the location of a corporation's principal place of business for diversity purposes is the state where the corporation has its headquarters or nerve center). Also, it is apparent that an amount in excess of $75,000, exclusive of interest and costs, is in controversy in this case. Wal-Mart has attached to its notice of removal medical bills incurred by Leggitt as a result of the accident giving rise to this case in the amount of $20,295.34. *See* Doc. 2-1. Also, Leggitt's complaint prays for damages in excess of $50,000. *See* Doc. 2-3 at 2, 4. Furthermore, Leggitt's complaint alleges that, as a "direct and proximate result" of the accident giving rise to this case Leggitt

> was severely injured, was obliged to seek the care and treatment of physicians and surgeons, will in the future be obliged to seek the care and treatment of physicians and surgeons, lost time from her normal pursuits and will in the future lose time from her normal pursuits, suffered great pain and mental anguish and will in the future suffer great pain and mental anguish, lost the enjoyment of a normal life and will in the future lose the enjoyment of a normal life, was disabled, disfigured, suffered great emotional distress and will in the future suffer great emotional distress, and was otherwise injured.

*Id*. at 2 ¶ 7. These allegations clearly establish that the jurisdictional amount for diversity purposes is met. *See Andrews v. E.I. Du Pont De Nemours & Co.*, 447 F.3d 510, 514-15 (7th Cir. 2006) (holding that diversity jurisdiction was proper where the plaintiff's complaint sought damages "in excess of $50,000" and alleged "severe and permanent" injuries); *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006) (in a removed case arising from a slip-and-fall incident at a

motel, holding that the minimum amount in controversy for purposes of federal diversity jurisdiction was satisfied where the plaintiff's medical expenses and lost earnings amounted to $45,000, so that "[a] modest allowance for pain, suffering, and future losses (either income foregone or medical expenses incurred) brings the total over the threshold."); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428-29 (7th Cir. 1997) (holding the amount in controversy for diversity purposes was satisfied where the plaintiff's medical expenses amounted to $4,400 and the plaintiff sought damages for "future medical treatment and disability care, future pain and suffering, future mental anguish, loss of past wages and impairment of future earning capacity"); *McCoy v. General Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002) (the jurisdictional amount was satisfied where the plaintiffs alleged "severe pain, emotional distress, disability, lost value and enjoyment of life, future loss of income, medical expenses, loss of normal life, disfigurement and paralysis").

Unfortunately, Wal-Mart fails properly to allege complete diversity of citizenship, as its notice of removal alleges that "[u]pon information and belief, [Leggitt] is a citizen of the State of Illinois." Doc. 2 at 1 ¶ 5. It is extremely well settled in this Circuit that jurisdictional allegations must be made on personal knowledge, and jurisdictional allegations made on information and belief are insufficient to invoke the diversity jurisdiction of a federal court. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Ebersohl v. Bechtel Corp.*, Civil No. 09-1029-GPM, 2010 WL 785973, at *4 n.2 (S.D. Ill. Mar. 4, 2010); *Dintelman v. Kellogg Co.*, Civil No. 09-945-GPM, 2010 WL 520284, at *2 n.2 (S.D. Ill. Feb. 12, 2010); *Adams v. Purves*, Civil No. 10-55-GPM, 2010 WL 378422, at *3 n.1 (S.D. Ill. Jan. 27, 2010); *Netherlands Ins. Co. v. Marathon Oil Corp.*, Civil No. 09-1057-GPM, 2009 WL 5213873, at *3 n.1 (S.D. Ill.

Dec. 28, 2009); *Ellis v. Hansen & Adkins Auto Transp.*, Civil No. 09-677-GPM, 2009 WL 4673933, at *2 n.2 (S.D. Ill. Dec. 4, 2009); *O'Neill v. Pointer*, Civil No. 09-704-GPM, 2009 WL 3156687, at *1 (S.D. Ill. Sept. 25, 2009); *B & R Oil Co. v. Imperial Enters. of Ill., LLC*, Civil No. 09-257-GPM, 2009 WL 1867677, at *2 (S.D. Ill. June 29, 2009); *Hill v. Olin Corp.*, No. 07-CV-0054-DRH, 2007 WL 1431865, at *2 (S.D. Ill. May 14, 2007); *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006); *Lyerla v. AMCO Ins. Co.*, 462 F. Supp. 2d 931 (S.D. Ill. 2006). Accordingly, Wal-Mart will have to file an amended notice of removal that omits any reference to information and belief as the basis for Wal-Mart's allegations of federal subject matter jurisdiction in diversity.

To conclude, Wal-Mart must amend its notice of removal in this case to omit from its jurisdictional allegations any reference to information and belief. Wal-Mart is **ORDERED** to file its amended notice of removal not later than 12:00 p.m. on Friday, April 9, 2010. Failure to file an amended notice of removal as herein ordered will result in remand of this case to the Circuit Court of the Second Judicial Circuit, Crawford County, Illinois, for lack of federal subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Crumer v. Target Corp.*, Civil No. 07-836-GPM, 2007 WL 4373950, at *1 (S.D. Ill. Dec. 14, 2007); *Pruitt v. Kelly Moore Paint Co.*, Civil No. 07-768-GPM, 2007 WL 4225823, at *1 (S.D. Ill. Nov. 28, 2007).

**IT IS SO ORDERED.**

DATED: April 5, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge